# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv37

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>$8,540.00 in UNITED STATES )<br>CURRENCY, and )<br>2000 FORD F-150, )<br>VIN: 1FTNX20FXYEA07196, )<br>)<br>Defendants. )<br>) | DEFAULT JUDGMENT<br>OF FORFEITURE |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 9].

## PROCEDURAL AND FACTUAL HISTORY

The Plaintiff initiated this action for civil <u>in rem</u> forfeiture on February 17, 2011. [Doc. 1]. In the Verified Complaint, it is alleged that on September 2, 2010, Deputy Sheriff Ray Herndon (Herndon) stopped the Defendant vehicle traveling at 69 miles per hour on Interstate 40 in a 60 mile per hour speed zone. [<u>Id</u>., at 2]. The vehicle had also moved left of the center lane and then

1

onto the shoulder of the road. [Id.]. The vehicle, which had a Texas license plate, was being driven at the time by its owner, Mark Damon Tanner (Tanner) who is a Texas resident. [Id., at 2-3]. The only other person in the truck was Janice Fisher (Fisher), a South Carolina resident. [Id.].

Herndon issued warnings to Tanner for excessive speed and lane violations. [Id., at 3]. Herndon requested permission to search the vehicle and Tanner consented to a search. [Id.]. He also admitted to Herndon that he had marijuana in a suitcase located inside the truck. [Id.]. Herndon found six grams of marijuana in the suitcase. [Id.].

In the meantime, Officer Brandon Gilmore of the Waynesville Police Department had arrived on the scene with his trained canine which alerted to the odor of controlled substances. [Id.]. Inside a tool box in the bed of the truck was found a plastic bag containing $8540.00 in United States currency. [Id.]. The officers also located a fabricated, hidden compartment inside the auxiliary fuel tank which had the odor of marijuana. [Id., at 4].

A warrant for the arrest in rem of the property issued on March 14, 2011. [Doc. 3]. Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government sent "notice of the action and a copy of the complaint to any person who reasonably

appears to be a potential claimant on the facts known to the government[.]" On March 25, 2011, the personal notice of this forfeiture action sent to Tanner at his residence by certified mail, return receipt requested was received. [Doc. 7-1]. On March 23, 2011, notice was received by Tanner's attorney by certified mail, return receipt requested. [Doc. 7-3].

On March 24, 2011, the personal notice of this forfeiture action sent to Fisher at her residence by certified mail, return receipt requested was received. [Doc. 7-2].

Notice of Civil Forfeiture was posted on an official government internet site for 30 consecutive days beginning March 26, 2011. [Doc. 5]. No Answer or Claim was filed. On July 21, 2011, the Clerk of Court entered default. [Doc. 8].

**DISCUSSION**

The Court finds that no potential claimant has timely filed an Answer or Claim to the Defendant property despite having been served with personal notice thereof and a copy of the Complaint. Rule G(4)(b)(i), <u>Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions</u>; David B. Smith, <u>Prosecution and Defense of Forfeiture Cases</u>, §9.04[2][a] (2006) (claimant must show an ownership or possessory interest in property);

Mantilla v. United States, 302 F.3d 182, 185 (3rd Cir. 2002), *certiorari denied* 538 U.S. 969, 123 S.Ct. 1769, 155 L.Ed.2d 527 (2003) (claimant must show colorable ownership or possessory interest in funds); United States v. Stokes, 191 Fed.Appx. 441 (7th Cir. 2006) (defendant had no standing because he abandoned any ownership).

In addition to the personal notices, the Government published the notice of the forfeiture action on an official internet government forfeiture site for at least 30 consecutive days. Rule G(4)(a)(iv)(C), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) ("Due process requires the government to afford an owner 'notice and an opportunity to be heard' before civilly forfeiting his property, but actual *receipt* of notice by the defendant is not automatically required. Rather, ... due process requires the provision of 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (citations omitted).

The Court finds that the allegations of the Complaint and the supplemental filings are deemed admitted and, therefore, establish that the currency at issue was the proceeds of controlled substances violations. 21

U.S.C. §881(a)(6). The Court also finds that the vehicle at issue was used to transport or to facilitate the transportation, sale, possession and concealment of controlled substances. 21 U.S.C. §881(a)(4). The Plaintiff has established that no potential claimant has timely filed a claim or otherwise answered and default judgment is appropriate.

## JUDGMENT

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Motion for Judgment by Default, Entry of Judgment, and Final Order of Forfeiture [Doc. 9] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Default Judgment against the Defendant $8,540.00 in United States Currency is hereby **ENTERED** in favor fo the United States of America.

**IT IS FURTHER ORDERED** that Default Judgment against the Defendant 2000 Ford F-150, VIN: 1FTNX20FXYEA07196 is hereby **ENTERED** in favor of the United States of America.

Signed: August 24, 2011

Martin Reidinger
United States District Judge